# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA GRAVDAHL, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )   Case No. CIV-21-1060-F |
| MARTIN O'MALLEY,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b), filed by plaintiff, Rebecca Gravdahl, and her attorney, Miles L. Mitzner, on September 15, 2024. Doc. no. 29. The motion requests the court to approve an attorney fee award of $21,247.57 pursuant to § 406(b). Defendant has responded to the motion. Doc. no. 31. In its response, defendant represents that after conferral, plaintiff's attorney agrees the amount of plaintiff's past-due benefits is $81,872.00 and $20,468.00 is the correct amount payable for attorney fees pursuant to § 406(b). *Id*. at ECF p. 2. With that representation, it appears that plaintiff and her attorney agree to a requested attorney's fee award of $20,468.00, rather than $21,247.57.

The court concludes that a fee award of $20,468.00 is reasonable in this contingency matter, in relation to the benefits and services received. Plaintiff has been awarded past-due benefits in the amount of $81,872.00. The amount of attorney's fees sought, $20,468.00, is not more than 25% of the past-due benefits awarded to plaintiff. It is also consistent with the contingency fee agreement between plaintiff and plaintiff's attorney which is to be given primacy under

Gisbrecht v. Barnhart, 535 U.S. 789 (2002), and it is not subject to reduction under the Gisbrecht factors. The legal work performed by plaintiff's attorney was of professional quality. Without the legal work performed, there presumably would not have been a court order reversing defendant's denial of plaintiff's application for benefits under the Social Security Act and no subsequent award of $81,872.00 in past-due benefits. In the court's view, plaintiff's attorney is not the cause of the delay in reaching a favorable decision in this case. Further, the court concludes that the requested attorney fees do not result in a windfall for counsel considering the contingent nature of the claim.

The court concludes that the request for attorney fees is timely. Indeed, the motion was filed within the time specified by the court in its September 5, 2024 order (doc. no. 28).

It is not clear from the papers before the court whether defendant has withheld any of plaintiff's past-due benefits for purposes of paying counsel's attorney fees. If defendant has not withheld any past-due benefits to pay attorney fees or the amount withheld is insufficient to satisfy the $20,468.00 award, Mr. Mitzner must pursue payment from plaintiff. See, Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 932 (10th Cir. 2008) ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). If Mr. Mitzner is unable to collect the attorney fees from plaintiff, he may follow the procedure outlined in the Social Security Administration Program Operations Manual System (POMS) General Notice (GN) 03920.055. Because plaintiff's attorney has previously sought and received a $6,355.25 fee award pursuant to the Equal Access to Justice Act (EAJA), counsel, upon receipt of the section 406(b) fees, must refund that award to plaintiff. See, Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, the Motion for Attorney Fees Under 42 U.S.C. § 406(b), filed by plaintiff, Rebecca Gravdahl, and her attorney, Miles L. Mitzner (doc. no. 29), is **GRANTED**. Plaintiff's attorney is awarded attorney's fees under section 406(b) in the sum of $20,468.00.

Defendant shall pay directly to Mr. Mitzner the past-due benefits in his possession, which have been withheld for payment of attorney fees, up to $20,468.00. In the absence of any withholding by defendant, Mr. Mitzner must seek recovery directly from plaintiff, and if unable to collect from plaintiff, he may follow the procedures outlined in SSA POMS GN 03920.055.

Upon receipt of the section 406(b) fees, Mr. Mitzner shall refund to plaintiff the previously awarded EAJA fees of $6,355.25.

IT IS SO ORDERED this 3rd day of October, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1060p009.docx